UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>RODOLFO F. SUAREZ, JR.,<br><br>Defendant | CASE NO. 1:08-CR-124 AWI-4<br><br>ORDER GRANTING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br>(Doc. No. 520) |

On January 4, 2021, Defendant Rodolfo F. Suarez, Jr. filed a pro se motion for early termination of supervised release. See Doc. No. 520. On January 6, 2021, the Court ordered the United States and the United States Probation Office to file a response. See Doc. No. 521. As part of that order, the Court expressly stated that the failure of the United States or the Probation Office to respond would mean that the non-responding entity did not oppose early termination. Id. at n.1. Neither the United States nor the probation office has responded and thus, per the Court's January 6 order, are deemed to not oppose early termination of Suarez's term of supervised release.

*Background*

On April 23, 2010, following a jury trial, Suarez was found guilty of one count of conspiracy to distribute and to possess with the intent to distribute methamphetamine and cocaine in violation of 21 U.S.C. §§ 841 and 846. Eventually, after an appeal and other proceedings, an amended judgement was entered on June 23, 2016. Suarez was finally sentenced to 120 months in prison and 60 months of supervised release.

1     In January 2017, Suarez was released to a halfway house.

2     On December 29, 2017, Suarez was released from the halfway house and began supervised
3 release.  As of the date of the is order, Suarez has served about 37 months of his 60 month term of
4 supervised release.

5     *Legal Standard*

6     18 U.S.C. § 3583 *inter alia* permits a court to terminate a term of supervised release, after
7 considering various factors in 18 U.S.C. § 3553.  See 18 U.S.C. § 3583(e); United States v.
8 Emmett, 749 F.3d 817, 819 (9th Cir. 2014).  Those factors are:  (1) the nature and circumstances
9 of the offense and the nature and characteristics of the defendant, see § 3553(a)(1); (2) the need for
10 the sentence imposed to provide adequate deterrence, see § 3553(a)(2)(B); (3) the need for the
11 sentence imposed to protect the public from further crimes by the defendant, see § 3553(a)(2)(C);
12 (4) the need for the sentence to provide the defendant with needed educational, vocational,
13 medical, or other correctional treatment or aide, see § 3553(a)(2)(D); (5) the kind of sentence and
14 the sentencing range established for the applicable category of offense in the sentencing
15 guidelines, see § 3553(a)(4); (6) any pertinent policy statement issued by the Sentencing
16 Commission, see § 3553(a)(5); (7) the need to avoid unwarranted sentence disparities, see §
17 3553(a)(6); and (8) the need to provide restitution to any victims, see § 3553(a)(7).  It is the
18 defendant's burden to demonstrate that early termination is warranted.  United States v. Weber,
19 451 F.3d 552, 559 n.9 (9th Cir. 2006).  After considering these factors, a court may terminate
20 supervised release "if it is satisfied that such action is warranted by the conduct of the defendant
21 released and the interest of justice."  18 U.S.C. § 3583(e)(1); Emmett, 749 F.3d at 819.  In
22 considering the "interest of justice," the Court may also consider any "undue hardship" that the
23 defendant might be suffering.  See Emmett, 749 F.3d at 820.  A district court must explain its
24 decision to either grant or deny a motion for early termination of supervised release.  See id. at
25 820-21.

26     *Defendant's Argument*

27     Suarez argues that he is not attempting to defend or justify his criminal conduct but
28 contends that he has changed.  Suarez states that he wishes to emulate his deceased father who

never lost faith in him and was instrumental in getting his sentenced reduced.  Defendant argues that he is a low risk for reoffending.  Suarez emphasizes that he has completed 3 years of supervised release.  That successful completion puts him ahead of 82% of all federal defendants in terms of likelihood of re-offending.  Suarez argues that he has been placed in the low-risk case management level.  Suarez argues that he is working on his father's tree nursery and has been since he was a boy.  Last April, probate proceedings were finally resolved, and Suarez now owns the tree nursery business solely, but co-owns the land (10 acres) with his siblings.  Defendant is running the business as his father did.  Suarez argues that he has no needs that would be furthered by supervision.  Suarez also argues that Amendment 782 to the sentencing guidelines would have made the mandatory minimum sentence he faced lower than the 120 months imposed.  When such amendments occur, early termination of supervised release may be appropriate.  Suarez argues that he has no monetary judgments against him, is not a career offender, has remained in full compliance while on supervised release, has demonstrated the ability to self-manage his life (even during the Covid 19 pandemic), and is socially stable (as evidence by his good support structure with his siblings and recent marriage).

*Discussion*

After consideration, the Court finds that it is appropriate to terminate Suarez's supervised release early.  Suarez has served nearly 60% of his term of supervised release.  Suarez appears to have done well on supervised release, with no violations or instances of being of out compliance apparent.  Suarez appears to be maintaining a steady job through ownership of his father's tree nursery.  Suarez also appears to be stable socially and to have a good support structure through his wife and siblings.  No restitution is involved, and critically, neither the United States nor the Probation Office opposes early termination.  Given these considerations, and especially the non-opposition of the United States the Probation Office, the Court will grant Suarez's motion.[1]

---

[1] 18 U.S.C. § 3583(e)(1) also requires the Court to follow the Federal Rules of Criminal Procedure regarding modifications of probation.  See 18 U.S.C. § 3583(e)(1).  Rule of Criminal Procedure 32.1 deals with revoking or modifying probation or supervised release.  For a modification, Rule 32.1 requires the Court to hold a hearing before modifying conditions, unless *inter alia* the relief sought is favorable to the defendant and does not extend supervised release or probation, or the government attorney does not object.  See Fed. R. Crim. P. 32.1(c)(2)(B), (C).  Because the relief is favorable to Suarez and the United States does not oppose early termination, there is no need for a hearing.  See id.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion for early termination of supervised release (Doc. No. 520) is GRANTED;
2. Pursuant to 18 U.S.C. § 3583(e)(1), Defendant Rodolfo F. Suarez, Jr.'s term of supervised release is TERMINATED immediately; and
3. The Clerk shall serve a copy of this order on the United States Probation Office for the Eastern District of California.

IT IS SO ORDERED.

Dated:   February 18, 2021

SENIOR DISTRICT JUDGE